# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN BETHUNE,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:12-0817 |
| v. | : | (KOSIK, D.J.) |
| | | (MANNION, M.J.) |
| **SUPERINTENDENT MICHALE WENEROWICZ and PA STATE ATTORNEY GENERAL,** | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

On May 2, 2012, the petitioner, an inmate at the State Correctional Institution, Graterford, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1). On June 11, 2012, the petitioner submitted the proper filing fee for proceeding with this action. (Doc. No. 2). On July 2, 2012, an administrative order with notice of limitations on filing future actions under §2254 was issued to the petitioner. (Doc. No. 7). As of the date of this report, the petitioner has failed to respond to the court's administrative order. The petition will be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases. 28 U.S.C.foll. §2254.

By way of relevant background, on September 23, 2003, the petitioner had filed a previous habeas petition in this court challenging his conviction in the York County Court of Common Pleas claiming that his due process right

to receive a fair trial was violated. See Bethune v. Vaughn, Civil Action No. 3:03-1667 (Kosik, D.J.). Specifically, he claimed that he did not receive a fair trial for the following reasons: (1) the agreement to testify between the Commonwealth's chief trial witness, Danny Steele, and the prosecution was not made known to the jury; (2) Danny Steele's testimony was not credible, and he recanted his testimony after the trial; (3) trial counsel was ineffective for failing to present alibi witnesses, for failing to request a severance, and for failing to allow the petitioner to testify; and (4) there were other trial errors, including (a) the trial court erred in permitting the victim's mother to testify; (b) the trial court erred in instructing the jury on the doctrine of transferred intent; (c) the trial court erred in failing to instruct the jury on manslaughter, and (d) the verdict was against the weight of the evidence because there was no specific intent to kill the victim and/or the victim was killed in a separate criminal episode.

By report dated October 18, 2004, the undersigned considered each of the above grounds raised by the petitioner and recommended that the petition be denied. This report was adopted by order dated November 22, 2004. The petitioner filed a request for a certificate of appealability in the United States Court of Appeals for the Third Circuit, which was denied by order dated May 25, 2005.

The petitioner has now filed the instant action in which he again challenges his conviction in the York County Court of Common Pleas. This time, the petitioner claims that his trial counsel was ineffective for failing to uncover evidence in the form of testimony from a Super 8 Motel clerk, which he claims would have shown that the Commonwealth's chief witness, Danny Steele, was not being truthful at trial and that the only reason he testified was because he was offered a deal. In addition, the petitioner claims that trial counsel was ineffective for not calling the clerk. The petitioner claims that he only learned of the clerk's testimony during his prior habeas proceedings in this court.

Pursuant to the AEDPA, 28 U.S.C. §2254(a), the district courts have jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

However, the AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody." Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (per curiam) (quoting 28 U.S.C. §§2254(a), 2244(b)(1)). Specifically, before filing

3

a second or successive habeas corpus petition, "a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Id. (quoting 28 U.S.C. §2244(b)(3)(A)). A petitioner's failure to do so "deprive[s] the District Court of jurisdiction to hear his claims." Id. at 149.

Generally, a habeas application is classified as second or successive if a prior application has been decided on the merits, the subsequent application asserts a claim that was or could have been raised in the prior habeas application, and the prior and subsequent applications challenge the same conviction. See 28 U.S.C. §§2244(a), (b)(1); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003).

Here, the petitioner previously filed a §2254 petition in this court which was considered on the merits. Moreover, the instant action asserts ineffective assistance of counsel claims which could have been raised in the prior petition. To this extent, the petitioner claims that he learned of the testimony of the Super 8 Motel clerk during the prior habeas proceedings in this court. However, there is no indication that the petitioner sought to amend his prior application to include the ineffective assistance claims related to the testimony, nor is there any indication that, after the conclusion of those proceedings, the petitioner sought the appropriate certificate from the Third

4

Circuit to file the instant action. Finally, both the prior application and the instant action challenge the same conviction.

In light of the above, the instant petition is a second or successive petition, which the court should dismiss under 28 U.S.C. §2244(b)(3)(A) for the petitioner's failure to obtain, or even seek, an appropriate order from the Third Circuit.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED** as a second or successive petition pursuant to 28 U.S.C. §2244(b)(3)(A).

                                      s/ *Malachy E. Mannion*
                                      **MALACHY E. MANNION**
                                      **United States Magistrate Judge**

**Date: October 31, 2012**

O:\shared\REPORTS\2012 Reports\12-0817-01.wpd